Glenn R. Meyers
The Meyers Law Firm
Proposed Counsel to the Debtor
11 Park Place, Suite 1503
New York, New York 10007
(212) 252-1212

UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                                      Chapter 11
                                                                            Case No. 24-10232-PB
IR 96TH STREET HOLDING, LLC,

                    Debtor.
-----------------------------------------------------------X

### APPLICATION FOR AUTHORITY TO RETAIN THE MEYERS LAW FIRM AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR EFFECTIVE AS OF MARCH 14, 2024

TO THE HONORABLE PHILIP BENTLEY
UNTIED STATES BANKRUPTCY JUDGE:

IR 96TH STREET HOLDING LLC, the debtor and debtor-in-possession here in (the 'Debtor') as and for its application (the "Application") for entry of an Order, pursuant to § 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor's retention of The Meyers Law Firm ("MLF") as its general bankruptcy counsel, effective as of March 14, 2024, respectfully represents and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §

157(b) and venue is proper before this Court pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief sought herein are § 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND AND RELIEF

1. On February 14, 2024, the Debtor sought relief in this Court by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. The Debtor intends to remain in possession of its property and to continue to manage its business and affairs as a debtor-in-possession. This is a "small business case" case within the meaning of §101(51C) of the Bankruptcy Code.

2. As this Court is aware, the Debtor is the sole owner of an apartment located at 275 West 96th Street, Apartment 25F, New York, New York 10025. The sole owner and proprietor of the corporation is Farrin B. Enterzari-Ullah ("Farrin Ullah").

3. The Chapter 11 filing was precipitated by the desire for the Debtor and its sole proprietor/owner Farrin Ullah to pay the maintenance for the apartment moving forward and its desire to pay the back maintenance over-time to catch up to date.

4. The corporation has no direct income but is funded by the sole-owner and proprietor Farrin Ullah who has income and derives financial help from her family. She has suffered great financial loss over the last few years by her ex-husband's refusal to honor their divorce agreement and pay her what she is owed and is required.

5. This matter was filed prior to your Affirmant's entrance into the case.

6. Your Affirmant has already spent a great deal of time on this matter.

7. Your Affirmant has and will faithfully attended Meeting(s) of the creditors, and

appeared April 3, 2024 as the record indicates, appear for the Debtor; deconstruct filing, further represent the Debtor at all hearings and proceedings, advise as to the creating a 'debtor-in-possession' account, prosecute and defend litigated matters as they arise in this Chapter 11 case; assist in the formation and negotiation of a plan of reorganization; assist the Debtor in analyzing of creditors and in negotiating with such creditors; prepare all necessary documents with the Administration and prosecution of Debtor's Chapter 11 case and perform other legal services as maybe required in this matter.

8. The Debtor has determined that in its interests and the interests of the creditors that the estate would be best served by the retention of counsel and MLF as its general bankruptcy counsel.

9. MLF and Glenn R Meyers are not connected with the Debtor, its creditors, its equity interest holders' other parties in interest of the United States Bankruptcy Court, the Honorable Philip Bentley. or any member of his Honor's Chamber's staff. As set forth in this declaration, MLF and Glenn R. Meyers do not hold or represent any interest that is materially adverse to the Debtor or its estate or an class of creditors or equity holders of the Debtor with respect to the matters upon which it is engaged. Accordingly, MLF is a 'disinterested person' within the meaning of 101(14) and 327 of the Bankruptcy Code.

10. Your Affirmant is willing to be retained by the Debtor for an hourly rate of $400 per hour, for attorneys, $250 for junior attorneys and $125 per hour for paralegal/clerical services. Your Affirmant is a fair biller. If there are any rate increases your affirmant will ask this Honorable Court in a Motion to be provided

pursuant to the rules of the Bankruptcy Court. MLF will also seek reimbursement for out-of-pocket disbursements including filing fees, pacer charges, photocopying, postage, hand deliveries overnight mail etc. as it is appropriate.

11. Due to the exigent circumstances surrounding this matter MLF came in the case with a learning curve to learn all the facts leading up to this filing. MLF agreed to accept $6000 as a professional retainer for legal services. Such fees were paid by the daughter of the sole owner of the corporation. As of the date of this writing your Affirmant has already worked enough hours at the accepted hourly rate to have exhausted or be close to exhausting the initial retainer.

WHEREFORE the Debtor respectfully requests that an order be entered authorizing it to retain MLF as its counsel and granting such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         May 10, 2024

IR 96th Street Holdings LLC

By: _____
Farrin B. Entezari-Ullah